GOFORTH v. CORLEY, County Judge, et al. (No. 8011.)

(Court of Civil Appeals of Texas. Dallas. June 15, 1918.)

1. ANIMALS ⬥⬥50(2)—ORDER CALLING STOCK LAW ELECTION.

Election in commissioner's precinct, ordered for determining question whether stock should run at large, will not be held invalid because the order of election included territory within corporate limits of a city and two towns, conceding that election could not be enforced in incorporated territory.

2. ANIMALS ⬥⬥50(2)—STOCK LAW ELECTION —ORDER—SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 7215, providing that, if the election is ordered for any particular subdivision, the county judge shall designate the particular places in such subdivision at which the polls shall be opened, election order of county judge for stock law election for a commissioner's precinct, describing precinct by metes and bounds, and designating certain places by name as being the voting boxes for each community, sufficiently designated places at which polls should be opened.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by L. A. Goforth against Q. D. Corley, County Judge, and others. From an adverse judgment plaintiff appeals. Affirmed.

Leake & Henry and R. M. Scott, all of Dallas, for appellant. Liveley & Goggans, of Dallas, for appellees.

RAINEY, C. J. Appellant brought this action to contest a stock law election held in commissioner's precinct No. 2, Dallas county, alleging same was illegal and void, in that the said order of election included a part of the city of Dallas and the cities of Garland and Mesquite, which were duly incorporated, and that Dallas has passed an ordinance prohibiting stock running at large within its limits; also that said election was void because said order for election did not specify with such particularity as is required by law the voting boxes in said precinct for voting in said precinct. Defendant duly answered, and upon a hearing before the district court without a jury a judgment was rendered in favor of the validity of said election, from which this appeal was taken.

### Conclusions of Fact.

The commissioners' court of said Dallas county, upon a petition of 50 residents and voters of said precinct, setting out the said precinct by metes and bounds, ordered said election, which order set out the said territory by metes and bounds in which said election was to be held, naming each voting box where said voting was to be held with particular certainty, as required by law, and said election was regularly held in said territory, which included part of the city of Dallas, Garland, and Mesquite, all of which were incorporated. The city of Dallas, under its charter, had jurisdiction of its streets and alleys, and had an ordinance prohibiting stock from running at large within its limits. The towns of Garland and Mesquite were duly incorporated under the general municipal incorporation laws, containing 3,000 inhabitants each. Said election returns were duly canvassed, and the result was declared that the stock law was carried in said precinct, there being 1,727 votes for and 362 votes against the stock law. Eliminating the returns from the eight election precincts in the city of Dallas in which the election was held and the returns from the two incorporated towns of Garland and Mesquite from the computations as canvassed by the county judge, there would still be a majority in

favor of the stock law voted on. "It is agreed that the record in this case may show that the contestant and the contestee each introduced two witnesses from each of the respective voting precincts in Dallas county, in which the election in controversy was held on April 3, 1917, and that the two witnesses introduced by the contestees each testified that in their opinion no voter who was qualified to vote in the election in controversy was deprived of or lost his vote or his right to vote in said election on account of the alleged defect in the notice calling the election in not giving the particular place or building in which the election was to be held. It is also agreed that the witnesses of the contestant testified that in their opinion there were voters who lost their right or privilege to vote, sufficient in number to change the result of the election, on account of the said alleged defects in the notice, and contradicted the witnesses of the contestee on that point." No witness testified that he was deprived of a vote or knew of a voter who failed to vote because the voting boxes were not more particularly specified in the order for the stock election.

### Conclusions of Law.

[1] The appellant attacks the election ordered by the commissioners' court for the running at large of stock in commissioner's precinct No. 2, claiming it is illegal on two grounds: First. Because the order of election included a part of the city of Dallas and also the towns of Garland and Mesquite, situated in said precinct No. 2, said last two named towns being incorporated under the general laws, and the city of Dallas being incorporated by the Legislature, and said city at that time having in existence a city ordinance preventing stock from running at large within its limits. Under this ground the proposition is submitted that:

"The commissioners' court of a county has no authority under the law to hold a stock law election over any subdivision of the county which subdivision includes and is largely composed of portions of the territory within the corporate limits of a city, which city is given by its charter or by-laws the exclusive control over the public streets within its corporate limits and the running at large of live stock within its corporate limits, and a stock law election, ordered and held to include such portion of the territorial limits of an incorporated town or city, is wholly null and void."

The trial court held as a conclusion of law that:

"The county commissioners' court of Dallas county, under the authority vested in it by law, had the legal power to order a stock law election over the whole of commissioner's district No. 2, a subdivision of Dallas county, and to include in the said election a portion of the city of Dallas and the incorporated towns of Garland and Mesquite."

The trial court found from the evidence that a majority of the votes cast at said election were in favor of the stock law, and also

that, eliminating therefrom the votes cast in the three incorporated places heretofore named, a majority of the votes cast in the territory outside of the incorporated territory were in favor of the stock law being enforced. Such being the result of the election held, we find no error of the trial court in so ruling.

[2] 2. The second ground upon which the legality of the election is attacked is embodied in the proposition submitted by appellant as follows:

"The law requiring that the election order of the county judge for a stock law election, where the election is to be held in any particular subdivision of the county, shall designate the particular places at which the polls shall be opened, and this provision of the law not having been complied with by the county judge, the election held under such order should be declared invalid."

The trial court as a conclusion of law found as follows:

"The election order of the county judge, notwithstanding its failure to designate more specifically the particular places in the election precincts at which the polls should be opened, substantially complied with the law, and the election was not invalidated by any defect in the form of the county judge's order."

Vernon's Sayles' Statute, 1914, art. 7215, reads:

"If the election is ordered for the whole county, the same shall be held at the usual voting places in the several election precincts; but, if the election is ordered for any particular subdivision, the county judge shall designate the particular places in such subdivision at which the polls shall be opened."

The order of election was for commissioner's precinct No. 2. It described said precinct by metes and bounds, and designated certain places by name as being the voting boxes for each community, which designation under the circumstances was a substantial compliance with the law. There were about 6,900 voters registered in said precinct, and out of that number 2,080 voted for the stock law. There was held on the same day an election for the eradication of ticks for the whole county, and the votes cast in that election were approximately 2,800, and we are of the opinion that all those who were interested in the stock law voted, the votes cast at both elections showing that the people were not especially interested in either election. The court found that a majority of votes cast were for the stock law, but also found that he was unable to tell whether or not the result was affected by voters not knowing of the election by reason of the manner in which the voting places were designated. His views in this respect we think are immaterial, as he found in favor of the stock law. The small number of votes cast for the adoption of the stock law, when we consider the interest the people take in special elections of this character, is due to the fact that only freeholders can vote therein. The election seems to have been fairly and honestly held

and conducted and counted, and the result so declared in favor of the stock law.

There are other errors assigned which attack the finding of the court, but none specify any irregularity in ordering or holding the election, all of which we have considered, and are of the opinion the said assignments are not well taken.

We have concluded that the election should be upheld, even if it be conceded that it could not be enforced in the incorporated territory, and the judgment of the lower court is affirmed.

Affirmed.