

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~XXXXXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Affirmed by ~~WW-350~~

Affirmed by R-1425
10-24-48 to Sheppard; re estate
of Nellie Pollard Daily

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5997
Re: Application of Article
7125, V.A.C.S., to an in-
heritance tax on the estate
of Alice G. Slavens, de-
ceased, who had received,
within five years of her
death, an estate from a
prior decedent on which a
tax was paid in Indiana.

From your request for an opinion dated May 1, 1944, we summarize the following facts, upon which this opinion is based:

Alice G. Slavens received certain trust funds in the sum of $28,589.00 from the Estate of Mrs. Carrie Brown, who died on November 17, 1939, a resident of Winchester, Indiana. This estate was administered under the laws of Indiana, and an inheritance tax was paid under the Indiana laws.

Alice G. Slavens died on November 25, 1943.

Your question is: "Is the Estate of Mrs. Slavens entitled to a deduction in the amount of the trust funds that she received from Mrs. Brown's Estate, who was a non-resident, as property previously taxed by the State of Indiana within a period of five years?"

Prior to 1929 there was no provision in our statutes for the exemption of estates on which inheritance taxes had been paid within any specified period of time. By Acts 1929,

41st Leg., Ch. 26, p. 60, entitled "An Act to Amend Article 7125 of the Revised Civil Statutes of 1925 so as to exempt estates upon which Inheritance Taxes have been levied within five years from the date of the second passage of said estates, and declaring emergency," Article 7125 was amended as follows:

> ". . . The only deductions permissible under this law are the debts due by the estate . . .and an amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five (5) years prior to the death of the decedent; this deduction, however, shall only be allowed where an inheritance tax imposed under this or any prior act of the Legislature was paid by the estate of the prior dececent and only in the amount of the value placed by the Comptroller on such property in determining the value of the gross estate of such prior decedent. . .." (Emphasis ours)

The emergency clause of that act recites that: "The fact that the present method of ascertaining the amount of deductions allowed is unfair and inequitable and places undue tax burdens upon estates passing in rapid succession creates an emergency . . ."

The clause "Where an inheritance tax imposed under this or any prior act of the Legislature was paid" is a very common one in similar statutes of other states, from which it was undoubtedly adopted. See 57 A. L. R. 1099; 114 A.L.R. 1306; Re Nilson's Estate, 201 Iowa 1033, 204 S.W. 244; 61 C. J. 1621, Sec. 2402. Under the decisions, the meaning of such clause is quite clear.

In 1939, the 46th Legislature again amended Article 7125, (Acts 1939, 46th Leg., Ch. 13, Sec. 2, p. 646). This Act is entitled in part, "An act . . .amending Article 7125 Revised Civil Statutes of the State of Texas, 1925, as amended Acts, 1929, Forty-first Leg., Ch. 26, p. 60, Sec. 1, so as to more clearly define deductions permissible for inheritance tax purposes. . .", and Article 7125 now reads as follows:

". . .The only deductions permissible under this ᴸaw are the debts due by the estate . . . and an amount equal to the value of any property forming a part of the gross estate situated in the United States received from any person who died within five (5) years prior to the death of the decedent, this redudtion, however, to be only in the amount of the value of the property upon which an inheritance tax was actually paid and shall not include any legal exemptions claimed by or allowed the heirs or legatees of the estate of the prior decednet. . . ." (Emphasis added)

The conclusion is inescapble, from this amendment deliberately omitting the clause, "Where an inheritance tax imposed under this or any prior act of the ᴸegislature was paid", that the ᴸegislature intended thereby to exempt an estate of a prior decedent received within five years, and upon which an inheritance tax was paid, even where the tax was paid to some other state.

Therefore, any part of the fund in question upon which a tax was actually paid in Indiana is exempt from taxation under the Texas state.

Trusting that this sufficiently answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Arthur L. Moller
                    Assistant

ALM/ff:PAM

APPROVED MAY 8, 1944
GEO. P. BLACKBURN
(ACTING) ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY OS, CHAIRMAN